UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERTO BOFFIL AVILA,

Petitioner,

v.

Case No. 2:26-cv-1640-KCD-NPM

WARDEN, FLORIDA SOFT SIDE SOUTH DETENTION CENTER, US ATTORNEY GENERAL,

Respondents.
_______________________________/

**ORDER**

Petitioner Roberto Boffil Avila is a Cuban national with a final removal order. He was recently detained by U.S. Immigration and Customs Enforcement ("ICE"). He now seeks a writ of habeas corpus under 28 U.S.C. § 2241. As best the Court can tell from the pro se petition, he argues that his continued detention violates the Fifth Amendment as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1.) The Government opposes the petition. (Doc. 9.) For the reasons below, the petition is **DENIED WITHOUT PREJUDICE**.

## I. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At

its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## II. Discussion

The statutory framework for removal works like this: when a noncitizen's removal order becomes final, like here, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. at 679. And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of

removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Applied here, Avila cannot satisfy the initial temporal requirement. He was taken into immigration custody on February 15, 2026. Because he has been detained for less than six months, he remains within the window in which his detention is presumptively reasonable. *See, e.g., Grigorian v. Bondi*, Case No. 25-CV-22914-RAR, 2025 WL 1895479, at *8 (S.D. Fla. July 8, 2025). Until the six-month *Zadvydas* period concludes, detention is presumptively reasonable, and any due process claim is not ripe. *See, e.g., Lopez v. Dir. of Enf't and Removal Operations*, Case No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938, at *12 (M.D. Fla. Jan. 26, 2026); *Guerra-Castro v. Parra*, Case No. 25-cv-22487-GAYLES, 2025 WL 1984300 at *4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months").

Avila's due process claim under *Zadvydas* is not yet ripe, so the habeas petition is **DENIED WITHOUT PREJUDICE** to him refiling a new petition

should his current detention exceed the six-month mark and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on August 5, 2026.

Kyle C. Dudek
United States District Judge